## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

PRESIDENTIAL CANDIDATE : No. 3:25-CV-2436
NUMBER P60005535 :
a/k/a Ronald Satish Emrit and : (Caraballo, M.J.)
PRESIDENTIAL COMMITTEE/ :
POLITICAL ACTION :
COMMITTEE/SEPARATE :
SEGREGATED FUND (SSF) :
NUMBER C00569897 :
d/b/a United Emrits of America, :
:
     Plaintiffs :
:
   v. :
:
KIM KARDASHIAN, et al., :
:
    Defendants :

## ORDER

On December 16, 2025, Plaintiffs Presidential Candidate Number

P60005535 a/k/a Ronald Satish Emrit, and Presidential Action

Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a

United Emrits of America, (collectively the "Plaintiffs"), both proceeding

pro se, commenced this action against 33 individuals and entities. Doc.

1. Plaintiffs also filed a motion for leave to proceed in forma pauperis

("the Motion"). Doc. 2. After reviewing the Motion and the

accompanying affidavit, the Court is not satisfied that the Plaintiffs are

entitled to in forma pauperis statuses, as only one plaintiff filed a motion and affidavit, and a corporate entity may be obtain in forma pauperis status.

The in forma pauperis statute does not allow multiple pro se litigants to obtain in forma pauperis statuses through a single, collective application. Indeed, this Court has held, as have other courts within this Circuit, that each plaintiff named in the initial complaint must move separately for leave to proceed in forma pauperis. *See, e.g., Kilby v. Hoover*, 2020 WL 5026479, at *1 (M.D. Pa. 2020); *Derr v. Houser*, 2022 WL 22894512, at *7 (M.D. Pa. 2022) ("Where multiple plaintiffs seek to proceed *in forma pauperis*, all plaintiffs must establish their inability to pay the filing fee.") (citations omitted); *see also Moore v. Pa.*, 2020 WL 374569, at *1 (E.D. Pa. 2020) (declaring that a "single *pro se* plaintiff may not represent the interests of the other [named] plaintiffs"); *Hagan v. Rogers*, 570 F.3d 146, 152–56 (3d Cir. 2009).

Moreover, entities, such as plaintiff Presidential Action Committee, cannot avail themselves of in forma pauperis status. Title 28, United States Code, Section 1915(a) provides that "a person" may

"commenc[e], prosecut[e] or defen[d] . . . any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor[.]" Based on this terminology, only individuals, not "corporations, partnerships, or associations," may proceed in forma pauperis. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993). Moreover, a "corporation may appear in the federal courts only through licensed counsel." *Id.* at 202. In accordance with this, plaintiff Presidential Action Committee can neither appear in a pro se capacity, nor avail itself of the associated in forma pauperis status.

Accordingly, it is **ORDERED** that:

1.    The Plaintiffs' motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED WITHOUT PREJUDICE.**

2.    Within 21 days of the date of this Order, plaintiff Presidential Candidate Number P60005535 a/k/a Ronald Satish Emrit shall submit an individual motion for leave to proceed in forma pauperis and an accompanying affidavit, with each section answered completely.

3. Within 21 days of the date of this Order, plaintiff
   Presidential Action Committee shall either secure licensed
   counsel for representation in this matter, or show cause why
   it should not be dismissed from this action.

4. Failure to comply may result in the undersigned
   recommending this action's dismissal.

BY THE COURT,

Date: December 17, 2025       *s/ Phillip J. Caraballo*
                              Phillip J. Caraballo
                              United States Magistrate Judge

4